LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone:    415.882.3290
Facsimile:     415.882.3232
Email: ltownsend@owe.com

Attorney for Plaintiff
SALVADOR ROBERTO TORRES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ROBERTO TORRES, an individual,<br><br>             Plaintiff,<br><br>     vs.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, a unified school district organized and operated under the laws of the State of California; and BALFOUR BEATTY CONSTRUCTION, LLC a Delaware limited liability company,<br><br>             Defendants. | Case No. **'21 CV 0343 CAB JLB**<br><br>**COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS ACT OF 1990 (17 U.S.C. § 106A); VIOLATION OF THE CALIFORNIA ART PRESERVATION ACT (Cal. Civ. Code § 987(c)(1); CONVERSION; AND NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

     Plaintiff, Salvador Roberto Torres ("Plaintiff"),  complains and alleges against Defendants San Diego Unified School District ("School District") and Balfour Beatty Construction, LLC. ("Balfour Beatty") (collectively, "Defendants"), as follows:

## JURISDICTION/VENUE

    1.  This action arises under section 106A of the Copyright Act of 1976, as amended in 1990 to include the Visual Artists Rights Act ("VARA").  This Court has jurisdiction over matters arising under VARA pursuant to 28 U.S.C. § 1331 (federal question actions), 28 U.S.C. § 1338(a) (exclusive jurisdiction over copyright actions), and 17 U.S.C. § 501 (remedies for copyright infringement include rights under VARA).  This Court has supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over the state law claims because they arise from the same facts and concern the same subject matter as the federal claims.

2.   Defendants are subject to the personal jurisdiction of this Court inasmuch as they are located in this judicial district, the acts complained of occurred in this judicial district,  or they have purposefully availed themselves of the privileges of doing business in this judicial district with regard to the actions alleged herein, and such jurisdiction is reasonable.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3).

<strong><u>PARTIES</u></strong>

4.   Plaintiff Salvador Roberto Torres is an individual residing in San Diego County, California.  He is a renowned painter, muralist, and early pioneer of the Chicano Art Movement. He conceived and was the driving force behind the Monumental Public Mural Project in Chicano Park in San Diego.  He is a founder of the Centro Cultural de la Raza in San Diego. Notably As a painter, Plaintiff created the iconic 1969 oil on canvas painting "Viva La Raza" (below) that is of such historical, cultural, and artistic significance that it was put on featured display at the California State Capitol in 2017.



5.   His work has been shown in exhibitions, including *Salvador Roberto Torres* (1988), the nationally touring *Chicano Art: Resistance and Affirmation* (1990-93), and *Made in California: 1900-2000* (2000). In 2009 Plaintiff was the Visiting Artist in Residence at the University of

1  California at Santa Barbara.

2      6.   On information and belief, Defendant School District is a unified school district in San

3  Diego organized and operated under the laws of the State of California. To the extent necessary

4  for Plaintiff's non-federal causes of action herein, on or about December 15, 2020 Plaintiff

5  submitted a claim to the School District pursuant to California Government Code Section 910 *et*

6  *seq.* No action having been taken by the School District within the required 45 days, the claim is

7  presumed to have been refused.

8      7.   On information and belief, Defendant Balfour Beatty is a Delaware limited liability

9  company authorized to do business in California and is engaged in the construction business.

10      8.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

11  Each of the Defendants, named or to be named, was the agent, affiliate, officer, director,

12  manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining

13  Defendants and was at all times acting within the scope of such agency, affiliate, officer,

14  director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship

15  and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts

16  or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but

17  not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the

18  damages to Plaintiff proximately caused thereby.

19                     **GENERAL ALLEGATIONS**

20      9.   In approximately 1988, Plaintiff was commissioned by Defendant School District to

21  Create and install at Memorial Junior High School in San  Diego "The Memorial Mural of the

22  San Diego Unified School District" (hereinafter the "Mural"). The Mural (depicted below) is 75

23  feet by 45 feet, acrylic on stucco.

24

25

26

27

28



10. There are only a finite number of murals on public display that have been created and installed by Plaintiff, necessitating that all efforts be made for their preservation so as to ensure that the honor and reputation deserving of the artist is permitted to endure.

11. For several years prior to September 2020, the School District planned to substantially raze the Memorial Junior High campus and rebuild a new school. Only immediately before the destruction was Plaintiff made aware of plans that included destroying the Mural, and that awareness was not because of any notification by the School District.  The School District hired Defendant Balfour Beatty to carry out the razing and reconstruction.

12. The community pleaded with Defendants not to destroy the Mural just before the destruction, and even Plaintiff made a plea on his own behalf. On or about September 23, 2020, however, Defendants  destroyed, or caused to be mutilated and destroyed, the Mural.  The Mural could have been removed by readily available mural-removal methods, including the age-old Strappo technique which only requires removing the film or outermost layer of the surface composed of the paint.



Credit: Eduardo Contreras/© 2020 San Diego Union-Tribune

13. The resulting pile of rubble to which the Mural was reduced was put on display for witnesses (images of which were widely disseminated in television and print news reports) who had previously viewed the Mural and who could now see that it had been crushed and destroyed as if it were nothing but trash. By destroying the Mural without notice to Plaintiff, and putting out the image, evocative of trash, on plain view to the public, Defendants' act of destruction conveyed the false statement and was a false statement to the public that the artist and his work did not rise to the level of being worthy of any preservation, including but not limited to legally-

required preservation under VARA and California Civil Code Section 987(c)(a) protection for artists and works of visual art, thereby injuring Plaintiff in his occupation. Defendants, by complying with such laws, could have prevented making the false statements concerning the status of Plaintiff as an artist and the status of Plaintiff's work.

14. Adding insult to injury, the District responded to the public's alarm and incredulity, caused by the wanton destruction of the beautiful Mural, by shamelessly announcing through its official spokesperson that it had seen fit to take high-definition photographs of the Mural in order to have a copy of the Mural made somewhere on the new campus. No such plans were ever discussed with Plaintiff, much less authorized by him, nor would such a crass commoditization of the artist's rights have ever been authorized. In other words, it apparently was not enough to egregiously violate Plaintiff's moral rights under federal and state law as fully described herein; the School District, at the very moment it had just dishonored the artist with mutilation and destruction of the Mural, brazenly announced its intent to also infringe the copyright in the Mural, exclusively held by Plaintiff, by making or having unauthorized, bogus copies made.

## FIRST CAUSE OF ACTION

### (Infringement of Rights of Integrity and Attribution (17 U.S.C. § 106A))

15. Plaintiff realleges and reincorporates paragraphs 1-13 above, as though set forth fully herein.

16. Plaintiff is the author of a work of visual art entitled "The Memorial Mural of the San Diego Unified School District" depicted in the Mural.

17. In or about September 2020 Defendants willfully and intentionally distorted, mutilated or otherwise destroyed the Mural in a way that would be prejudicial or harmful to Plaintiff's honor and reputation, all in violation of Plaintiff's right of integrity, as set forth in Title 17, Section 106A(a)(3)(A) and Section 106A(a)(3)(B) of the United States Code. Defendants did so by, among other things, mutilating and destroying the Mural. Defendants' acts were at least grossly negligent. On information and belief, Defendants were on notice as to Plaintiff's legal right of integrity and its protection under the laws of the United States and California. Plaintiff has not waived any of his rights of integrity under 17 U.S.C. § 106A.

18. The Mural could have been removed without the destruction, distortion, mutilation or other modification described in section 106A.

19. None of the Defendants made a diligent or diligent good faith attempt to notify Plaintiff of the intent to destroy the Mural.

20. Defendants' alteration, mutilation and/or destruction of the Mural caused damages to Plaintiff in the form of loss of the Mural, and/or resulted in unjust profits to Defendants according to proof. Alternately, Plaintiff is entitled to statutory damages under the Copyright Act.

21. Defendants' acts described above were willful and intentional and/or grossly negligent. Defendants' desecration, distortion, mutilation and other modification of the Mural is the proximate cause of prejudice to Plaintiff's honor or reputation.

## SECOND CAUSE OF ACTION

### (Intentional Destruction of Fine Art - Cal Civ. Code § 987 et seq.)

22. Plaintiff realleges and reincorporates paragraphs 1-20 above, as though set forth fully herein.

23.  As more fully set forth above, Plaintiff created the Mural, a work of fine art and of recognized quality, located at Memorial Junior High School in San Diego, California.

24. In or about September 2020 Defendants willfully and intentionally defaced, mutilated, altered or destroyed, or authorized the mutilation, alteration or destruction of the Mural in violation of Plaintiff's right of integrity, as set forth in Cal. Civ. Code § 987 et seq.  Defendants did so by, among other things, destroying the Mural completely, without notice.  Defendants were on notice as to Plaintiff's right of integrity, as protected both under the laws of the United States and California.

25. Defendants' willful and intentional distortion, mutilation and other modification of the Mural is the proximate cause of damage in an amount according to proof.

26. In committing the acts described in this complaint, Defendants acted in conscious disregard of the rights of Plaintiff and without taking advantage of preservation techniques that would have saved the Mural for future enjoyment.  The conduct of Defendants was so malicious,

fraudulent and oppressive as to warrant an assessment of punitive damages, to the extent such damages are available, against Defendant Balfour Beatty (not a governmental entity), in an amount appropriate to punish Defendant Balfour Beatty and deter others from engaging in similar wrongful conduct.

**THIRD CAUSE OF ACTION**

**(Conversion)**

27. Plaintiff realleges and reincorporates paragraphs 1-25 above, as though set forth fully herein.

28. As more fully set forth above, in 1988 Plaintiff authored the work of visual art embodied in the Mural in San Diego, California.  Plaintiff did not at any time convey to the School District title to the Mural (the physical embodiment of the work of art) as per California Civil Code Section 988, nor did he ever relinquish any future or conditional future ownership or rights to the Mural he held.

29. In or about September 2020 Defendants intentionally deprived Plaintiff of those rights by destroying the Mural.  Defendants' acts constitute a permanent deprivation of Plaintiff's rights and constitute a conversion under California law.

30. On information and belief, the conduct of Defendants in converting Plaintiff's property was carried on by Defendants in conscious disregard of Plaintiff's rights.  The conduct of Defendants was so malicious, fraudulent and oppressive as to warrant an assessment of punitive damages, to the extent such damages are available, against Defendant Balfour Beatty (not a governmental entity), in an amount appropriate to punish Defendant Balfour Beatty and deter others from engaging in similar wrongful conduct.

**FOURTH CAUSE OF ACTION**

**(Negligence)**

31. Plaintiff realleges and reincorporates paragraphs 1-29 above, as though set forth fully herein.

32. Defendants owed a duty of care to Plaintiff to preserve the Mural and afford Plaintiff an opportunity to remove the Mural where, upon such removal, Plaintiff would take title, to the

extent not already held, to the Mural free and clear of any adverse claims.

33. By engaging in the foregoing acts, Defendants negligently caused the destruction of the Mural.

34. As a legal cause thereof, Plaintiff has been damaged in an amount to be proven at trial.

35. The conduct of Defendants was so malicious, fraudulent and oppressive as to warrant an assessment of punitive damages, to the extent such damages are available, against Defendant Balfour Beatty (not a governmental entity), in an amount appropriate to punish Defendant Balfour Beatty and deter others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

a. That the Court order Defendants to pay to Plaintiff damages sufficient to compensate him for all damages resulting from mutilation and destruction of the Mural, including but not limited to deprivation of Plaintiff's property rights and damage to his honor and reputation;

b. That the Court order Defendants to pay to Plaintiff damages sufficient to compensate him for all damages proximately caused by the acts alleged above, and/or that Defendants disgorge to Plaintiff all amounts representing unjust enrichment by virtue of the acts alleged above, including construction expenses saved in not providing the required ninety (90) days' notice;

c. That, alternatively for Plaintiff's VARA claim, the Court award statutory damages in the maximum amount permitted by the Copyright Act;

d. That the Court award Plaintiff statutorily mandated costs of this action, which include expert fees and attorneys' fees;

e. That the Court assess punitive damages against Defendant Balfour Beatty as permitted by law; and

f. That the Court grant such other and further relief as the Court deems just and equitable.

Dated: February 25, 2021                         LAW OFFICES OF LAWRENCE G. TOWNSEND


                                                 *s/Lawrence G. Townsend*
                                                 Lawrence G. Townsend
                                                 Attorney for Plaintiff
                                                 SALVADOR ROBERTO TORRES


## DEMAND FOR JURY

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.


Dated: February 25, 2021                         LAW OFFICES OF LAWRENCE G. TOWNSEND


                                                 *s/Lawrence G. Townsend*
                                                 Lawrence G. Townsend
                                                 Attorney for Plaintiff
                                                 SALVADOR ROBERTO TORRES